UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MEGHAN KATHLEEN SCHIESSER,

          Plaintiff,

     v.                              Case No. 21-C-646

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

          Defendant.

## DECISION AND ORDER AFFIRMING THE COMMISSIONER'S DECISION

This is an action for judicial review of the final decision of the Commissioner of Social Security denying Plaintiff Meghan Kathleen Schiesser's application for supplemental security income under Title XVI of the Social Security Act. For the following reasons, the decision of the Commissioner will be affirmed.

### BACKGROUND

Plaintiff filed an application for supplemental security income in June 2015 when she was 41 years old. R. 237. She alleged an inability to work due to a traumatic brain injury she suffered in a 1991 car accident as well as breast cancer (remission). R. 270. After her application was denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge (ALJ). ALJ Peter Kafkas conducted a hearing on February 12, 2018. Plaintiff, who was represented by counsel, and a vocational expert (VE) testified. R. 111–42. In a written decision dated May 7, 2018, the ALJ found that Plaintiff was not disabled. R. 92–105. The Appeals Council denied Plaintiff's request for review of the ALJ's decision, making the decision the final decision of the Commissioner. Plaintiff then filed a complaint in the United States District Court

for the Eastern District of Wisconsin seeking judicial review of the ALJ's decision. The matter was reversed and remanded for further proceedings based upon a stipulation of the parties. R. 2339–40; *see also Schiesser v. Saul*, No. 19-C-802 (E.D. Wis.). Upon remand, Plaintiff's original application was consolidated with the new Title XVI application she filed on July 2, 2019.

ALJ Kafkas held a second administrative hearing on August 3, 2020. R. 2211–56. Plaintiff, who was represented by counsel, and a VE testified. Following that hearing, the ALJ determined that it would be beneficial to have an impartial medical expert testify. The ALJ held another hearing on January 13, 2021, at which Plaintiff, who continued to be represented by counsel, a VE, and a medical expert testified. R. 2257–2327.

In a 24-page decision dated March 30, 2021, the ALJ concluded Plaintiff was not disabled. R. 2145–68. The ALJ's decision followed the Social Security Administration's five-step sequential evaluation process for determining whether an individual is disabled. The ALJ found that Plaintiff has not engaged in substantial gainful activity since July 21, 2015, the application date. R. 2148. Although the ALJ determined that Plaintiff's cognitive disorder was a severe impairment, *id.*, he concluded Plaintiff did not have an impairment or combination of impairments that meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. R. 2151. After careful consideration of the record, the ALJ determined Plaintiff had the residual functional capacity (RFC) to perform a full range of work at all exertional levels but "is limited to simple, routine and repetitive tasks." R. 2153. Considering Plaintiff's age, education, work experience, and RFC, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, including order clerk, garment sorter, and linen room attendant. R. 2166–67. Accordingly, the ALJ concluded Plaintiff was not disabled since July 21, 2015, the application date. R. 2168. The ALJ's decision became

the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review. R. 2328–34. Thereafter, Plaintiff commenced this action for judicial review.

## LEGAL STANDARD

The determination of whether a claimant has met her burden of proof in a social security disability case is entrusted to the Commissioner of the Social Security Administration. Judicial review of the decisions of the Commissioner, like judicial review of all administrative agencies, is intended to be deferential. *Parker v. Astrue*, 597 F.3d 920, 921 (7th Cir. 2010). The Social Security Act specifies that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The substantial evidence test is intended to ensure that the Commissioner's decision has a reasonable evidentiary basis. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) ("[A] court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938))); *Sanders v. Colvin*, 600 F. App'x 469, 470 (7th Cir. 2015) ("The substantial-evidence standard, however, asks whether the administrative decision is rationally supported, not whether it is correct (in the sense that federal judges would have reached the same conclusions on the same record)."). Although a decision denying benefits need not discuss every piece of evidence, remand is appropriate when an ALJ fails to provide adequate support for the conclusions drawn. *Jelinek v. Astrue*, 662 F.3d 805, 811 (7th Cir. 2011). The ALJ must provide a "logical bridge" between the evidence and conclusions. *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000).

The ALJ is also expected to follow the Agency's own rulings and regulations in making a determination. Failure to do so, unless the error is harmless, requires reversal. *Prochaska v. Barnhart*, 454 F.3d 731, 736–37 (7th Cir. 2006). It is not the job of a reviewing court to "reweigh

evidence, resolve conflicts, decide questions of credibility, or substitute [its] judgment for that of the Commissioner." *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003). Finally, judicial review is limited to the rationales offered by the ALJ. *Shauger v. Astrue*, 675 F.3d 690, 697 (7th Cir. 2012) (citing *SEC v. Chenery Corp.*, 318 U.S. 80, 93–95 (1943); *Campbell v. Astrue*, 627 F.3d 299, 307 (7th Cir. 2010)).

## ANALYSIS

Although Plaintiff's 28-page brief in this case thoroughly details her medical and personal history, she does not present a substantive argument that challenges the ALJ's decision. It is not the Court's role to supplant the ALJ's findings and independently determine whether Plaintiff is disabled or entitled to supplemental security income. Instead, the Court's function on review is to determine whether the ALJ applied the correct legal standards and whether the decision is supported by substantial evidence. While the Court must construe *pro se* filings liberally, *pro se* litigants are not excused from presenting cogent legal arguments "with citations to authority and relevant parts of the record." *Greenwell v. Saul*, 811 F. App'x 368, 370 (7th Cir. 2020). Despite Plaintiff's failure to make a concrete argument that challenges the ALJ's decision, the Court has undertaken a review of the record and concludes that the ALJ's decision is supported by substantial evidence.

The ALJ found that Plaintiff's cognitive disorder was a severe impairment but concluded it did not meet or medically equal any listings. He determined that Plaintiff had the RFC to perform the full range of work at all exertional levels but is limited to simple, routine, and repetitive tasks. In assessing Plaintiff's RFC, the ALJ cited Plaintiff's subjective statements and her reported function, her activities of daily living, the objective medical findings contained in the medical record, and the opinions of the impartial expert. R. 2153–66. The ALJ provided an extensive

4

discussion of the entire record and built a logical bridge from the evidence to his conclusions. The ALJ did not commit legal error in this case.

## CONCLUSION

For these reasons, the Commissioner's decision is **AFFIRMED**. The Clerk is directed to enter judgment in favor of the Commissioner.

**SO ORDERED** at Green Bay, Wisconsin this 14th day of April, 2022.

                                                  s/ William C. Griesbach
                                                  William C. Griesbach
                                                  United States District Judge